THE PENNSYLVANIA RAILROAD COMPANY, PROSECUTOR, v. BOARD OF PUBLIC UTILITY COMMISSIONERS OF THE STATE OF NEW JERSEY (WOODBRIDGE), RESPONDENT.

Argued May 10, 1935—Decided September 21, 1935.

.Before Justices PARKER, CASE and BODINE.

For the prosecutor, *John A. Hartpence* and *W. Holt Apgar.*

For the respondent, *John A. Bernhard.*

Per Curiam.

The writ seeks to review an order of the public utility commissioners directing the elimination of grade crossings of the Woodbridge and Perth Amboy Railroad branch of the Pennsylvania Railroad Company in the township of Woodbridge. The board fixed December 1st, 1934, as the date for the commencement of the work. This order was dated September 6th, 1934, and directed the completion of the work on or before September 1st, 1935. On December 12th, 1934, the prosecutor applied for additional time in which to commence work. The hearing on the petition for modification was fixed for January 2d, 1935. The board then changed this date to January 19th, 1935. The defendant then asked an extension of the hearing on their question until March 5th, 1935, notwithstanding the illness of the railroad's attorney in charge, the board subsequently heard the request for delay in the presence of other counsel somewhat familiar with the situation.

We are asked to review this action of the board. The petition seeking the delay in the commencement of the work was addressed to the sound discretion of the board of public utility commissioners. The reasons for the continuance are substantially the same reasons which were urged on rule to show cause why *certiorari* should not issue in the case of *Pennsylvania Railroad Co.* v. *Board of Public Utility Commissioners,* 13 *N. J. Mis. R.* 766. We can find no substance in the assertion that we may review the action of the board of public utility commissioners merely because it fails to continue an application for delay in the performance of its orders because of the financial condition of the prosecutor.

The prosecutor is in laches if it seeks a review of the original order and the refusal to continue the hearing on the application for delay in the commencement of work rests in the sound discretion of the board and those who seek a modification of the order entered, after due hearing, should prosecute their application with dispatch and cannot complain of the failure to delay matters further.

The writ will be dismissed.